UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

DARRELL MATTISON,

        Defendant.
_____/

Criminal Case No. 13-20546-1
Civil Case No. 16-12318

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [23]**

Defendant Darrell Mattison, through counsel, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C § 2255 [23] on June 22, 2016. The Government filed a Response [29] on September 1, 2016. For the reasons stated below, the Motion to Vacate, Set Aside, or Correct Sentence [23] is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On August 20, 2013, Mattison pleaded guilty to Felon in Possession of a Firearm (Count I) in violation of 18 U.S.C. § 922(g)(1). The Rule 11 Plea Agreement [16] provided a Sentencing Guidelines' range of 70-87 months, based in part on an enhancement under the Guidelines' career offender provisions, § 4B1.2(a), for a 1994 Armed Robbery conviction. The Court held a Sentencing Hearing on December 16, 2013. On December 30, 2013, the Court sentenced

Mattison to five years of imprisonment on Count I. Mattison did not appeal his conviction.

On June 22, 2016, Mattison filed the instant § 2255 Motion seeking relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). On July 7, 2016, the Government filed a Motion to Stay Litigation Pending Supreme Court's Decision in *Beckles v. United States* [26]. Mattison filed a Response [27] to the Government's Motion to Stay on July 21, 2016. On July 28, 2016, the Court denied the Government's Motion to Stay. [Dkt. #28]. The Government filed a Response [29] to Mattison's § 2255 Motion on September 1, 2016.

Mattison was released from the custody of the Federal Bureau of Prisons on November 8, 2017.

## ANALYSIS

To succeed on a motion to vacate, set aside, or correct sentence, a movant must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

In his Motion [23], Mattison argues that he is entitled to resentencing under *Johnson* because his 1994 Armed Robbery conviction no longer qualifies as a

"crime of violence" under § 4B1.2(a). Mattison maintains that his appropriate Guidelines' range is 46-57 months. *See* [Dkt. #27].

I. **Mattison's claim for relief is moot**

A petitioner who files a § 2255 motion must demonstrate that he has standing to seek relief from the federal courts. *Pola v. United States*, 778 F.3d 525, 529 (6th Cir. 2015). Once a petitioner's sentence has expired, some concrete and continuing injury other than the now-ended incarceration or parole—a "collateral consequence" of the conviction—must exist if the suit is to be maintained and not considered moot. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

"Where a habeas petitioner chooses to attack only his or her sentence, and not the underlying conviction, and that sentence expires during the course of the habeas proceeding, the habeas petitioner's claim for relief is moot." *Brock v. White*, No. 2:09-CV-14005, 2011 WL 1565188, at *2 (E.D. Mich. Apr. 25, 2011).

Mattison filed the instant Motion [23] on June 22, 2016. Because Mattison has since been released from federal custody, attacks only his sentence, and does not claim to be suffering from a collateral consequence of his conviction, his claim for relief is moot. *See United States v. Perotti*, 702 F. App'x 322, 325 (6th Cir. 2017) (rendering as moot an appeal of the district court's order denying the defendant's § 2255 petition where he was released from federal custody); *see also United States v. Buchannan*, No. 02-90030, 2008 WL 2008556, at *2 (E.D. Mich.

May 8, 2008) ("Because defendant challenges only his sentence, and not his underlying conviction or supervised release revocation, his release from that sentence renders his motion moot.").

### II. *Beckles v. United States*, 137 S. Ct. 886 (2017) precludes Mattison's claim for relief

Even if Mattison's claim were not moot, his argument for the application of *Johnson* is without merit. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act [ACCA] violates due process" because the residual clause is unconstitutionally vague. 135 S. Ct. at 2554. However, Mattison was sentenced under the career offender provisions of the Sentencing Guidelines, § 4B1.2(a), not under the ACCA. In *Beckles*, the Supreme Court held that the Sentencing Guidelines, unlike the ACCA, are not subject to a vagueness challenge.[1] 137 S. Ct. at 888. Therefore, *Beckles* forecloses Mattison's sole argument for relief.

### CONCLUSION

Accordingly,

---

[1] Similar to Mattison, Beckles was convicted of Felon in Possession of a Firearm and was sentenced under § 4B1.2. Beckles also challenged his sentence on the basis that § 4B1.2(a)'s residual clause was unconstitutionally vague. *Id.* at 891. Rejecting this argument, the Court explained that the advisory Sentencing Guidelines are not "amenable to vagueness challenge" because they merely guide the district court's discretion. *Id.* at 894.

**IT IS ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence [23] is **DENIED**. Defendant is **DENIED** a certificate of appealability.

                                                    s/Arthur J. Tarnow
                                                    Arthur J. Tarnow
Dated: February 5, 2018             Senior United States District Judge